NO. 2012-CR-6387-W1    81,003-05

WILBERT PATRICK STEWART
TDCJ-ID# 1883832
                    RELATOR

            V.

BEXAR COUNTY DISTRICT

DONNA KAY McKINNEY
            RESPONDANT

IN THE DISTRICT

187TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 30 2015

Abel Acosta, Clerk

## PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Wilbert Patrick Stewart, Relator, pro se in the above -styled an numbered cause of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3 Pc-7 of Texas Code of Criminal Procedure, and would show the Court the following: That the Bexar County, District Clerk is committing a abuse of discretion of a ministerial act. By not forward all affidavits; 11.07 post-conviction along with the Order of Designating Issue to the Court of Criminal Appeal. Relator will show the following how the Bexar County District Clerk namely Donna Kay McKinney

A. 1

Has violated Relator constitutional Rights under the Due Process Clause, an the six amendment along with the Fourteenth amendt. Witness cite to show cause: MARTIN v. HAMLIN, 25 S.W. 3d 718 (Tex. Crim. App. 2000)

1. Habeas Corpus - 603

Statute specifying procedure regarding applications for writ of habeas Corpus does not supply authority to the trial court to extend the time limitations impose by the statute, other than by timely entry of an order designating issues to be resolved. Vernons Ann. Texas C.C.P. art. 11.07.

2. Habeas Corpus - 689

Order designating issues for resolution in application for habeas corpus, which was not entered within 20 days of expiration of time for state to reply to application, was untimely, and thus was without effect. Vernon's Ann. Texas C.C.P. art. 11.07.

Relator would like the Court of Criminal Appeals that post-conviction Article 11.07 Habeas Corpus petition was filed Feburary 26, 2015. The State was served by the District Clerk of Bexar County on March 9, 2015. The Honorable Judge STEVEN C. HILBIG of 187th Judicial District Court, Bexar County, Texas. On March 12, 2015 ORDER DESIGNATING ISSUES which Relator recieved on March 24, 2015. Stating that on and about April 21, 2015, Alfredo Ximenez

p.2

file with this court his written affidavit confirming or denying the allegations of ineffective assistance. With allegations 1. a, b, c, along with an order to deliver the affidavit to Relator on or before April 21, 2015.

With the knowledge failure to abide by this order is subject to a charge of contempt. Relator would like the Court of Criminal Appeals to note since filed that its be (60) sixty day and Relator hasn't heard noting. The constructive contempt results from matters outside the court, such as failure to comply with orders. "an act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.

Therefore Relator is entitled to mandamus relief ordering the Bexar County courts to give relief on article 11.07 post-conviction Habeas Corpus.

## I.

WILBERT PATRICK STEWART TDCJ #1833832 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Ellis Unit, 1697 FM 980, Huntsville, Walker Count, Texas 77343. Relator has exhausted his remedies and has no other adequate remedy at law. TECP Art. 11.07 section 3 (c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of application for writ of habeas corpus, and answer filed, and certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be

p.3

resoveled. No copy of the application for writ of habeas corpus, any answer filed and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have recieved notice from the Court of Criminal Appeals.

## II.

Respondent, Donna Kay McKinney, in his/her capicity as District Clerk of Bexar County, Texas has a ministerial duty to recieve and file all papers in criminal proceedings and perform all other duties imposed on the Court of Criminal Appeals a copy of the application for writ of habeas Corpus, any answer filed and certificate reciting the date upon which that finding was made if convicting court decides that there are no issues to be resolved. Donna Kay McKinney District Clerk, Bexar county be served at his/hers place of business at Bexar County District Clerk, 101 W. Nueva, Suite 217, San Antonio, Texas 78205

## III.

# VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondent violated Article 11.07 section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for

p.4

writ of habeas corpus, any answers filed and a certificate reciting the date upon which that finding was made to the court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted. Requests for the transmittal of the application for writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made were made by Relator to Donna Kay McKinney, District Clerk, Bexar county by certified mailed letters dated February 26, 2015, April 15, 2015. Pursuant to Article 11.07 section 3(c) of the Code of Criminal Procedure. True and accurate copies of the above letter are attached here as Exibits "A" are incorporated by reference herein for all purpose. To date, Relator's has received no response from Respondant regarding Relator's requests for transmittal of copy of the application for writ of habeas Corpus any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. As is clear from Relator's letters, Relator has repeatedly put Respondant on notice that Relator seeks the transmittal copy of the application for writ of habeas corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appea

As to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondant has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 section 3 (c), is acting in bad faith, and has also falied to afford Relator the Professional and common courtesy of any written responses to his correspodence and requests. Article 11.07 section 3 (c) clearly states that "[I]f the convicting court decides that there are no such issues, the clerk shall immediately transmit the article 11.07 post-conviction and affidavit relator sent along with the Order Designating Issues to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which the finding was made. Failure of the court to act within the allowed 20 days shall constitute such finding." Texas Code of Criminal Procedure Article 11.07 sec. 3 (c). Respondant is in violation of the proceeding ministerial duties and thus the law of this state.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERD, RELATOR WILBERT PATRICK STEWART, Pro se, respectfully request a

p.6

finding that the Respondent did not transmit documents to the Court of Criminal Appeals within reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondant to transmit copy of application for writ of habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding, and a certificate reciting the date upon which the finding was made to the Court of Criminal Appeals as directed in Article 11.07 section 3(c) of the Texas Code of Criminal Procedure and a request in Relator's letter Exibit "4"

Respectfully submitted

By: Wilbert Patrick Stewart
RELATOR

THE STATE OF TEXAS
COUNTY OF WALKER
AFFIDAVIT

I swear under oath that the facts and allegations in the above Application For Writ OF MANDAMUS are true and correct.

Wilbert Patrick Stewart
RELATOR

SIGNED UNDER OATH BEFORE ME, on this the 25 day of April, 2015.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICA-TION FOR WRIT OF MANDAMUS was served Court of Criminal Appeal by placing a copy in this the U.S. Mail addressed TO: Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, Texas 78711 on this 25 day of April, 2015.

RELATOR

CAUSE NO. 2012-CR-6387-W1

WILBERT PATRICK STEWART
TDCJ-ID #1833832
     RELATOR

   V.

BEXAR COUNTY DISTRICT CLERK
DONNA KAY MCKINNEY
     RESPONDENT

IN THE 187TH JUDICIAL

DISTRICT COUNTY COURT OF
BEXAR COUNTY, TEXAS

## ORDER

On this day, came on to be heard the foregoing Relator's Application for Writ of Mandamos and it appears to the Court that the same sould be:

_____ GRANTED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of habeas Corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made SIGNED on this ___ day of ___ 2015.

_____
PRESIDING JUDGE

p.9

Exhibit "A"

NO. 2012CR6387-W1

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 187TH JUDICIAL DISTRICT |
| WILBERT PATRICK STEWART | § | BEXAR COUNTY, TEXAS |

### ORDER ON APPLICATION FOR POST CONVICTION WRIT

The Court having concluded that the allegations of ineffective assistance of counsel contained in an application for a post-conviction writ of habeas corpus create a necessity for a hearing, but that the matter is capable of resolution by means of affidavits, it is **ORDERED**, as follows:

That the Clerk forward a copy of the writ application and its attachments to **Alfredo M Ximenez, 604 E. Lachapelle St., San Antonio, TX 78204.**

1. That, on or before **April 21, 2015, Alfredo Ximenez** file with this court his written affidavit confirming or denying the allegations of ineffective assistance.

    a. Please respond to Applicant's allegations regarding the claims of ineffective assistance of counsel, including, but not limited to, the following:

    (1) Applicant claims that trial counsel misadvised him as to the consequences of his plea bargain causing him to suffer collateral consequences and, thus, rendering the plea involuntary. Specifically, Applicant claims that the erroneous advice of counsel, pertaining to the nine (9) year deal for this cause running concurrent with what's left on a case in which he was sentenced to twenty-six (26) years confinement, caused Applicant to suffer collateral consequences in TDCJ and with the Board of Pardons and Parole.

    b. After you have reviewed the Applicant's writ application, please address any other issues raised by Applicant not specifically listed above and of which you have knowledge or information.

    c. If there is any additional information not present before the court at this time that is relevant to the court's understanding of this matter, please include any such information to clarify this issue.

Simultaneously, **Alfredo M. Ximenez** shall deliver the affidavit and summation to Applicant, **Wilbert Patrick Stewart, TDCJ No. 01833832, O.B. Ellis Unit, 1697 FM 980, Huntsville, TX 77343.**

After these matters have occurred, this Court will forward its Order including its findings to

1

the Court of Criminal Appeals for its disposition of the matter.

Information contained in an affidavit filed pursuant to this order does not represent a violation of the attorney-client privilege. *See* TEX. R. EVID. 503(d)(3)(stating that communications relevant to issues concerning breach of counsel's duty to his client represents an exception to the rule governing attorney-client privilege).

**Failure to abide by this order is subject to a charge of contempt.**

SIGNED and ENTERED this 12th day of March, 2015.

JUDGE STEVEN C. HILBIG
187th Judicial District Court
Bexar County, Texas

cc:
**Wilbert Patrick Stewart**
**TDCJ No. 01833832**
**O.B. Ellis Unit**
**1697 FM 980**
**Huntsville, TX 77343**

2